IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS T.J. LEAL, SR.<br><br>    Plaintiff,<br><br>    v.<br><br>HOMELAND SECURITY,<br><br>    Defendant. | Civil Action No. 1:06CV00425 |

DECLARATION OF SANDY FORD PAGE

I, Sandy Ford Page, hereby declare and state as follows:

1. I am the Freedom of Information Act (FOIA) Officer and Initial Denial Authority for the Disclosure Office in the Office of the Chief of Staff for the Under Secretary for Preparedness at the Department of Homeland Security (DHS). The Directorate of Preparedness was formed in 2005 as part of a reorganization of DHS. In May and June 2005, when Mr. Leal's FOIA request was processed, I was the FOIA Officer and Initial Denial Authority for the Office of the Under Secretary for Information Analysis and Infrastructure Protection (IAIP). IAIP no longer exists within DHS because of the reorganization, and part of its functions and personnel were reassigned to the Directorate of Preparedness. The functions of IAIP included information analysis.

2. As part of my duties in IAIP, I was responsible for the overall management of the FOIA Program, processing FOIA requests, oversight of FOIA requests, and making withholding determinations, including the processing of Mr. Leal's FOIA request which is the subject of this

litigation.

3. I have eighteen years of experience processing FOIA requests. I have been employed by DHS since August 2004 and serve as the Preparedness Director of Disclosure. I have been a federal employee for twenty four years and was a former Department of Defense employee. I served as the Deputy FOIA Officer and subsequently the FOIA Officer for the Defense Threat Reduction Agency from 1998 until my appointment with DHS. Prior to this I worked in the Office of General Counsel reviewing FOIA requests and documentation.

4. The statements I make here are made on the basis of my review of the official files and records of IAIP and DHS, my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties, including contact with other DHS personnel.

5. On May 16, 2005, DHS received Mr. Leal's FOIA request (the request is attached as Exhibit A to this Declaration). The request consisted of a copy of a letter Mr. Leal received from the National Security Agency (NSA). The NSA received a FOIA request from Mr. Leal for "information on using forensics of news broadcasting in Toledo, Ohio to identify an election process conspiracy, as well as linked activity (a.k.a. capital crimes within the area)." The letter from NSA explained that the request did not fall within the purview of their agency, but that "[r]equests for information pertaining to domestic intelligence would fall under the jurisdiction of one of the law enforcement agencies such as the Federal Bureau of Investigations (*sic*) (FBI) or the Department of Homeland Security (DHS)." DHS acknowledged receipt of the FOIA request by letter dated May 23, 2005 (Exhibit B). As the letter to Mr. Leal indicates, his request was referred to IAIP for processing and a direct response.

6. By memorandum dated May 23, 2005, the DHS Deputy Director of Departmental

Disclosure and FOIA forwarded Mr. Leal's FOIA request to me (Exhibit C), in my capacity as the Director of the IAIP Disclosure Office at that time. The request was forwarded to our office because even though records concerning "information on using forensics of news broadcasting in Toledo, Ohio to identify an election process conspiracy, as well as linked activity (a.k.a. capital crimes within the area)" does not reasonably describe records that would be maintained by the Department of Homeland Security. To the extent that records are maintained in the DHS regarding "domestic intelligence," the term used by the NSA, such records would have been maintained by the Assistant Secretary for Information and Analysis of the IAIP Directorate.

7. On May 25, 2005, Donna Sealing, the Deputy IAIP FOIA Officer, sent Mr. Leal's request to the IAIP Chief of Staff's Office for tasking to Information Analysis (IA) offices to accomplish a search of records. The specific offices tasked were Information Analysis-Current (IA-C), Information Analysis – Departmental (IA-D), Information Analysis – Liaison (IA-L), Information Analysis – Plans (IA-P), and Information Analysis – Requirements (OA-R). If any information pertaining to Mr. Leal's request were to be found, it would most logically be located within the Information Analysis offices of IAIP. The IA staff was asked to search paper records, emails, and other electronic records and files utilizing "Toledo Ohio Election Conspiracy Theory" as the search criteria. That tasking was accomplished, searches were conducted, and IAIP was unable to locate any documents responsive to Mr. Leal's request.

8. On August 4, 2005, Donna Sealing signed a letter to Mr. Leal on my behalf which indicated IAIP was unable to locate any files responsive to his FOIA request (Exhibit D).

9. Mr. Leal subsequently appealed this determination of a finding of no records (Exhibit E). The request and response were reviewed in the office of the Acting Chief Privacy Officer and Chief Freedom of Information Act Officer for the Department (Maureen Cooney). By letter

dated January 18, 2006, the initial determination made by IAIP was determined to be correct (Exhibit F) based on the fact that the mission of DHS is to "lead a unified national effort to secure America by preventing and deterring terrorist attacks and to prevent and respond to threats and hazards to the nation," and, consequently, it would be "unlikely that the Department would be involved in matters involving a local election," the issue at the heart of Mr. Leal's request and appeal.

10. Each step in handling Mr. Leal's request was consistent with the DHS procedures for responding to requests under the FOIA.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this __2__ day of May, 2006.

SANDY FORD PAGE