**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LUIS T.J. LEAL, SR.,**<br>**Plaintiff,**<br>v.<br>**DEPARTMENT OF HOMELAND SECURITY,**<br>**Defendant.** | **Civil Action No. 06-425 (PLF)**<br>**ECF** |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(c), Defendant Department of Homeland Security, by and through undersigned counsel, respectfully moves this Court for summary judgment because there are no material facts in genuine dispute and Defendant is entitled to judgment as a matter of law. In support of this Motion, Defendant refers the Court to the attached Memorandum of Points and Authorities, the Statement of Material Facts for Which There is No Genuine Dispute, the Declaration of Ms. Sandy Ford Page, and the accompanying exhibits.

*Pro se* Plaintiff Luis T.J. Leal, Sr., should take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in

> evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: May 17, 2006.

Respectfully Submitted,

//s//
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

//s//
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

//s//
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LUIS T.J. LEAL, SR.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 06-425 (PLF)** **ECF** |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendant Department of Homeland Security ("DHS") hereby submits the following statement of material facts for which there is no genuine dispute:

1. On May 16, 2006, the DHS received *pro se* Plaintiff Luis T.J. Leal's Freedom of Information Act request. See Declaration of Sandy Ford Page ("Page Decl.") at ¶ 5 (Gov. Exh. A). Attached to that one-page FOIA request is a May 10, 2005 letter from the National Security Agency ("NSA"), which referred Mr. Leal to the DHS. Id.

2. On May 23, 2005, the DHS informed Mr. Leal that it received his FOIA request. Page Decl. at ¶ 5 (Gov. Exh. B).

3. The DHS Deputy Director of Departmental Disclosure and FOIA forwarded Mr. Leal's FOIA request to the Director of the Office of the Under Secretary for Information Analysis and Infrastructure Protection (" IAIP") Disclosure Office for processing. Page Decl. at ¶ 6 (Gov. Exh. C).

4. To the extent that records are maintained in the DHS regarding "domestic intelligence,"

the term used by the NSA, such records would have been maintained by the Assistant Secretary for Information and Analysis of the IAIP Directorate. Page Decl. at ¶ 6 (Gov. Exh. C).

5. On May 25, 2005, Ms. Donna Sealing, the Deputy IAIP FOIA Officer, sent Mr. Leal's request to the IAIP Chief of Staff's Office for tasking to the various Information Analysis "(IA") offices to accomplish a search of records. Page Decl. at ¶ 7.

6. The IA staff searched for responsive documents but could not find any documents. Page Decl. at ¶ 7.

7. On August 4, 2005, the DHS informed Mr. Leal that it could not locate any documents responsive to his FOIA request. Page Decl. at ¶ 8 (Gov. Exh. D).

8. On August 11, 2005, Mr. Leal appealed the DHS's August 4, 2005 letter. Gov. Exh. E.

9. On January 18, 2006, the DHS reviewed Mr. Leal's appeal and upheld the appeal, and also confirmed that it did not find any documents responsive to his FOIA request. Page Decl. at ¶ 9 (Gov. Exh. F).

Dated: May 17, 2006.

Respectfully Submitted,

//s//
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

//s//
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

//s//
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LUIS T.J. LEAL, SR.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 06-425 (PLF)** |
| | ) | **ECF** |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| **Defendant.** | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT FOR SUMMARY JUDGMENT**

## I. Introduction.

*Pro se* Plaintiff Luis T.J. Leal, Sr., files this one-page Freedom of Information Act ("FOIA") complaint alleging that Defendant Department of Homeland Security ("DHS") improperly denied his request for "information on using forensics of news broadcasting in Toledo, Ohio to identify an election process conspiracy, as well as linked activity (a.k.a. capital crimes within the area)." Page Decl. at ¶ 5[1] (Gov. Exh. A). Mr. Leal claims that the withholding of the requested information is an "unlawful prior restraint of speech that is causing irreparable harm preventing plaintiff's effective participation in [sic] current debate, both in [C]ongress and among public-regarding and including [sic] proposed revisions to [the] [P]atriot [A]ct." Compl. at ¶ 1.

Defendant moves for dismissal or, alternatively, for summary judgment because responsive documents do not exist and, therefore, Defendant has not improperly withheld any

---

[1] Declaration of Sandy Ford Page is hereafter referred to as "Page Decl."

responsive documents. As a result, there is no dispute of any material fact and Mr. Leals's FOIA claims fail as a matter of law.

## II. Background

On May 16, 2005, Defendant Department of Homeland Security ("DHS") received a FOIA request from Mr. Leal, which attaches a letter from the National Security Agency ("NSA"). Page Decl. at ¶ 5 (Gov. Exh. A). Mr. Leals' FOIA request seeks "information on using forensics of news broadcasting in Toledo, Ohio to identify an election process conspiracy, as well as linked activity (a.k.a. capital crimes within the area)." See Gov. Exh. A (NSA's May 10, 2005 Letter). The NSA's May 10, 2005 Letter informed Mr. Leal that it does not deal with domestic intelligence issues and referred him to the Federal Bureau of Investigation or the DHS. Id. The NSA then referred the FOIA request to the DHS. Page Decl. at ¶ 5.

On May 23, 2005, the DHS sent Mr. Leal a letter acknowledging the receipt of his FOIA request. Page Decl. at ¶ 5 (Gov. Exh. B). Subsequently, the DHS Deputy Director of Departmental Disclosure and FOIA forwarded Mr. Leal's FOIA request to the Director of the Office of the Under Secretary for Information Analysis and Infrastructure Protection (" IAIP") Disclosure Office for processing. Page Decl. at ¶ 6 (Gov. Exh. C). Mr. Leal's FOIA request was forwarded to this office because records pertaining to "domestic intelligence" (the term used by the NSA) would have been maintained in the office. Id. Two days later, on may 25, 2005, Ms. Donna Sealing, the Deputy IAIP FOIA Officer, sent Mr. Leal's request to the IAIP Chief of Staff's Office for tasking to the various Information Analysis ("IA") offices to search for responsive documents. Page Decl. at ¶ 7. If responsive documents exist, they would have been found within one of the IA offices. Id. The IA staff conducted a search for responsive

documents but could not locate any. Id.

As a result, on August 4, 2005, Ms. Sealing sent a letter to Mr. Leal informing him that IAIP (part of the DHS) could not find any documents responsive to his FOIA request. Page Decl. at ¶ 8 (Gov. Exh. D). Not satisfied with the result, Mr. Leal appealed that determination. Gov. Exh. E. On January 18, 2006, the DHS reviewed Mr. Leal's appeal and confirmed to him that a search for documents "related to the use of forensics of news broadcasting in Toledo, Ohio to identify an election conspiracy theory" did not turn up any documents. Gov. Exh. F. The January 18th Letter also explained that the DHS is responsible for a "unified national security effort to secure America by preventing and deterring terrorist attacks" and it would not be involved "in matters involving a local election." Id. Not satisfied with this response, Mr. Leal files the current lawsuit.

## III. Standard of Review

### A. Summary Judgment In FOIA Cases

FOIA cases are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, United States Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure. Weisberg v. United States Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, the defendant may rely on affidavits or declarations and other evidence by the agency showing that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386

(D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. United States Department of Army, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be granted solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish that the documents are within the FOIA exemption category; the district court need look no further." Citizens Commission on Human Rights v. FDA, 45 F.3d at 1329; Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991). See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

**III. Argument: The DHS Has Not Withheld Any Documents Because No Responsive Records Exist.**

To prevail in a FOIA case, Mr. Leal must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989), quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980); see 5 U.S.C. § 552(a)(4)(B). To obtain summary judgment in its favor, the agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records. Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the absence and discoverability of documents. Safeguard Servs., Inc. v. Securities & Exchange Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

The issue is not whether there might exist any other records possibly responsive to the request, but rather whether the actual search for responsive records was reasonable. Id.; Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986). The agency can establish the

reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and made in good faith. Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d 121, 125-26 (D.C. Cir. 1982). As long as the agency submits detailed affidavits showing the scope and method of the search, then, in the absence of countervailing evidence, or apparent inconsistency of proof, dismissal or summary judgment is appropriate in its favor. Perry v. Block, 684 F.2d at 127.

The agency's search should be reasonably calculated to uncover all responsive records. Weisberg, 745 F.2d at 1485. Therefore, an agency should search those offices or components reasonably likely to have responsive records. Knight v. Food & Drug Admin., 938 F. Supp. 710, 716 (D. Kan. 1996). The FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request when responsive documents are likely to be located in one place. Marks v. United States Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978). Nor does the FOIA require that an agency search every record system. Oglesby v Dep't. of Army, 920 F.2d at 68. Furthermore, the agency is not required to speculate about potential leads to the location of the responsive documents. Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996).

Here, as described in the Declaration of Sandy Ford Page, the DHS searched for documents kept in the several Information Analysis ("IA") offices. See Page Decl. at ¶ 7. The Information Analysis offices are the only offices that keep files pertaining to this type of information. See Page Decl. at ¶ 7. Therefore, responsive documents (if they exist) would have been found in the several IA offices. Id. The DHS thoroughly searched for but did not find any responsive documents. Id. at ¶ 7. The search was consistent with the procedures adopted by the DHS when responding to FOIA requests. See Page Decl. at ¶ 10. As discussed above, because

the DHS' main responsibility is to coordinate a national effort to prevent and deter terrorist attacks in America, it does not get involved in a local election – the subject of Mr. Leal's FOIA request.

Under these circumstances, it is clear that the DHS carried its burden of establishing that it conducted a search reasonably calculated to uncover all responsive documents. Page Decl. at ¶ 7 (describing the agency's search effort). Accordingly, the Court should find that the DHS' search was adequate and that responsive documents do not exist. The Court should grant summary judgment and dismiss this case with prejudice.

## IV. Conclusion

For all these reasons, the Court should grant Defendant's Motion for Summary Judgment and dismiss this case with prejudice.

Dated: May 17, 2006.

Respectfully Submitted,

//s//
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

//s//
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

//s//

JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COLUMBIA**

LUIS T.J. LEAL, SR.,

Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY,

Defendant.

Civ. No.: 06-0425(PLF)

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Upon consideration of Defendant's Motion for Summary Judgment and the entire record herein, it is this ______ day of ______, 2006,

ORDERED that Defendant's Motion for Summary Judgment be and is hereby GRANTED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED with prejudice.

SO ORDERED.

______________________________

U.S. District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 17, 2006, I caused to be served the foregoing Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment via First Class mail, with postage prepaid, to *pro se* Plaintiff addressed as follows:

Luis Thomas Jacobs Leal, Sr.

938 Noble Place

Toledo, OH 43608

________//s//____________

John C. Truong