IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS T.J. LEAL, SR.,  )<br>    )<br>    Plaintiff,  )<br>    )<br>    v.   )<br>    )<br>HOMELAND SECURITY,  )<br>    )<br>    Defendant.  )<br>    ) | Civil Action No. 1:06CV00425 |

DECLARATION OF ALISA N TURNER

I, Alisa N Turner, hereby declare and state as follows:

1. I am the Freedom of Information Act (FOIA) Officer and Initial Denial Authority for the FOIA Office in the Office of the Chief of Staff for the Under Secretary for the National Protection and Programs Directorate (NPPD) at the Department of Homeland Security (DHS). The National Protection and Programs Directorate was formed in 2007 in response to a Congressional mandate. This Directorate was formed primarily of the components of the legacy Directorate for Preparedness and the US-VISIT Program. I became the FOIA Officer for this Directorate in May 2007, after my predecessor, Sandy Ford Page, left the Chief of Staff's Office. In May and June 2005, when Mr. Leal's FOIA request was processed. Sandy Ford Page was the FOIA Officer and Initial Denial Authority for the legacy Directorate of the Office of the Under Secretary for Information Analysis and Infrastructure Protection (IAIP). This Declaration supplements the Declaration of Sandy Ford Page, dated May 2, 2007, which was previously filed with the Court.



2. I have nine years of experience processing FOIA requests. I have been employed by DHS as a federal employee since October 2006. Prior to this, I was a Senior FOIA Analyst providing contract support to DHS and the Department of Defense.

3. The statements I make here are made on the basis of my review of the official FOIA case file, my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties, including contact with other DHS personnel.

4. I am writing this Declaration in response to the July 20, 2007 Order by the United States District Court for the District of Columbia to supplement our submission to address the means by which agency staff conducted the searches for records responsive to the plaintiff's FOIA request.

5. The mission of the Directorate of Information Analysis and Infrastructure Protection (IAIP) was identifying and assessing current and future threats to the Homeland, mapping those threats against our vulnerabilities, issuing timely warnings and taking preventative and protective actions. As stated in Sandy Ford Page's Declaration, it was determined if any information pertaining to Mr. Leal's FOIA request were to be found, it would most logically be located within the Information Analysis offices of the IAIP. Mr. Leal's FOIA request was tasked to the offices of Information Analysis-Current (IA-C), Information Analysis – Departmental (IA-D), Information Analysis – Liaison (IA-L), Information Analysis – Plans (IA-P), and Information Analysis – Requirements (IA-R).

6. The mission statements of these specific IAIP offices highlight the type of records that were searched. The mission of IA-C was to provide timely, relevant, actionable intelligence to support DHS leadership, our partners, and customers to effectively deter enemy aggression

2

against the Homeland. The mission of IA-D was to maintain awareness of threats to the Homeland in order to produce action-oriented indications and warnings, procedural evaluation, and assessment on terrorist capabilities and intent. IA-L's mission was to lead and manage the development of an integrated DHS intelligence enterprise that fosters a cooperative environment with our mission partners and builds bridges to enhance relationships and capabilities within the Intelligence Community and domestic security realm. as well as our State, local, Tribal, private sector, and international partners. The mission of IA-P was to develop concepts, strategy and policy to guide the efforts of IA and DHS Intelligence. IA-R's mission was to manage and leverage collection, production, and dissemination processes to continuously drive the sharing of information and intelligence.

7. As Stated in Sandy Ford Page's Declaration, the IA staff was asked to search paper records, emails, and other electronic records and files by focusing on "Toledo Ohio Election Conspiracy Theory" as the search criteria. Personnel in IA were not directed to use these words as search terms. Rather, it was within each individual's discretion to determine what search terms to use to reasonably locate any responsive documents. At that point in time, IA's paper files were decentralized, so all personnel were required to participate in the search for responsive records. In addition to searching their offices for paper copies of documents, each individual in IA had to search their own computer for documents on their computer hard drives, and for email which might be responsive to the request. IA also had files accessible to all IA personnel in shared folders on shared drives on three different local area networks. An individual in IA searched all three local area networks for documents responsive to the request. IAIP personnel were unable to locate any documents responsive to Mr. Leal's FOIA request.

8. Based on the mission statements of the individual IA offices and the mission statement

of IAIP as a Directorate, DHS would not have any records pertaining to the subject of this FOIA request unless DHS had a reasonable suspicion and documented intelligence that there was some type of adverse terrorist activity tied to this election.

9. In order to further supplement the information placed before the Court, I requested a new search to be conducted of the Office of Intelligence and Analysis (I&A), which is currently a separate entity from my Directorate. The FOIA Officer for I&A, Reginald Hudson, is providing a separate declaration regarding this recent search.

10. In my professional opinion, each step in handling Mr. Leal's FOIA request was consistent with the DHS procedures for responding to requests under the FOIA and an adequate search was conducted for any possible responsive records.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 13 day of August, 2007.

*ALISA N TURNER*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS T.J. LEAL, SR. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 06-0425 (PLF) |
| ) | |
| HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |

### DECLARATION OF REGINALD D. HUDSON

I, Reginald D. Hudson, hereby declare and state as follows:

1. I am the Freedom of Information Act (FOIA) Officer and Initial Denial Authority for the Disclosure Office in the Office of the Chief of Staff for the Office of Intelligence and Analysis (I&A) at the Department of Homeland Security (DHS). In May and June 2005, Mr. Leal's FOIA request was processed by the FOIA Officer and Initial Denial Authority for the Under Secretary for Information Analysis and Infrastructure Protection (IAIP). IAIP no longer exists within DHS because of the reorganization and part of its functions were reassigned to the Office of Intelligence and Analysis (I&A).

2. As part of my duties in I&A, I am responsible for the overall management of the FOIA Program, processing FOIA requests, oversight of FOIA requests, and making withholding determinations.

3. I have eight years of experience processing FOIA requests. I have been employed by DHS I&A since November 2006 and serve as the FOIA Officer. I have been a federal employee for twenty eight years. I also serve as the FOIA Officer for the DHS Office of Operations Coordination Directorate and I have served in this position


GOVERNMENT EXHIBIT 2

since July 2006. I was a former employee of the United States Secret Service and served as Senior FOIA Specialist from 1999 until my appointment with DHS Office of Operations Coordination Directorate.

4. The statements I make here are made on the basis of my review of the official files and records of I&A and DHS, my personal knowledge, and on the basis of information acquired by me through the performance of my official duties, including contact with other DHS personnel.

5. On July 25, 2007, Ms. Alisa Turner, the FOIA Officer for the DHS National Protection and Programs Directorate asked me to facilitate a search of DHS I&A in order to supplement DHS' submission in this litigation.

6. Mr. Leal's FOIA request (the request is attached as Exhibit A to this Declaration) consisted of a copy of a letter Mr. Leal received from the National Security Agency (NSA). The NSA received a FOIA request from Mr. Leal for "information on using forensics of news broadcasting in Toledo, Ohio to identify an election process conspiracy, as well as linked activity (a.k.a. capital crimes within the area)." The letter from NSA explained that the request did not fall within the purview of their agency, but that "[r]equests for information pertaining to domestic intelligence would fall under the jurisdiction of one of the law enforcement agencies such as Federal Bureau of Investigation (*sic*) (FBI) or the Department of Homeland Security (DHS)." DHS acknowledged receipt of the FOIA request by letter dated May 23, 2005 (Exhibit B). As the letter to Mr. Leal indicates, his request was referred to IAIP for processing and a direct response.

7. As a result of this litigation, on July 26, 2007, I, in my capacity as the FOIA Officer for I&A, sent Mr. Leal's request to the I&A Chief of Staff's Office for tasking to I&A to accomplish a second search of records. The second search was conducted to ensure the original search was reasonable, adequate, and "reasonably calculated to uncover all relevant documents." The specific I&A offices tasked were the Collections Requirements Management Division (CR), Production Management Division (PM), and Information Sharing and Knowledge Management Division (IM). If any information pertaining to Mr. Leal's FOIA request were to be found, it would most logically be located within these three I&A Divisions.

8. The CR Division's Collections Strategies and Requirements Management Branch (CSRM) is responsible for establishing and managing the DHS Intelligence requirements. This includes a collection requirements and information services program to provide the full spectrum of intelligence information (intelligence and associated supporting information) needed to support the Secretary of Homeland Security, the Chief Intelligence Officer, the DHS Components, and the broader Intelligence Community when required. Additionally, CSRM may support the intelligence needs of DHS' federal, state, local, territorial, tribal, international and private sector stakeholders.

9. The function of the PM Division is to produce and disseminate all finished intelligence information related to homeland security intelligence. The PM Division is also responsible for ensuring timely relevant threat and warning information is coordinated with the Intelligence Community.

10. The mission of the IM Division is to establish, maintain, and process an operations and systems environment in the Department of Homeland Security's

intelligence elements and the DHS Intelligence Enterprise, to ensure the identification, management and seamless sharing of information and intelligence across the Department, as well as between the Department and its Federal, State, Local and Private Sector partners and customers.

11. These three divisions were instructed to conduct a thorough search to respond to the FOIA request which is the subject of this litigation. In searching, these I&A offices used the following terms to attempt to locate any responsive information: "Toledo Ohio," "Toledo Ohio Election," "Toledo Election Process" and "Toledo Election Conspiracy."

12. These divisions searched their paper documents, both classified and unclassified, which are maintained by subject matter. Also, using these search terms, a search of the local area network computer files for these offices was conducted. However, I&A was unable to locate any documents responsive to Mr. Leal's request.

13. Each step in handling Mr. Leal's request was consistent with the DHS procedures for responding to requests under the FOIA.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 9th day of August, 2007.

REGINALD D. HUDSON



U.S. Department of Homeland Security
Arlington, Virginia 22202

# Homeland Security

*Privacy Office, DHS-D3*

May 23, 2005

Mr. Luis Leal, Sr.
309 Palmer
Toledo, OH 43608

Re: **DHS/OS/PO 05-469**

Dear Mr. Leal:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), received in our office on May 16, 2005. You are seeking information related to use of forensics of news broadcasting in Toledo, Ohio to identify an election conspiracy theory, as summarized by the National Security Agency correspondence you attached to your cover sheet.

I am referring your request to the FOIA Officer for Information Analysis and Infrastructure Protection (IAIP), Sandy Ford Page, for processing and direct response to you. You may contact IAIP via telephone at 202-282-8413.

If you need to contact our office again about this matter, please refer to **DHS/OS/PO 05-469**.

Sincerely,

Catherine M. Papoi
Deputy Director, Departmental Disclosure & FOIA

**EXHIBIT A**