UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS T.J. LEAL, SR., )<br>                      Plaintiff, )<br>            v.            )<br>DEPARTMENT OF HOMELAND )<br>SECURITY, )<br>                      Defendant. ) | Civil Action No. 06-425 (PLF)<br>ECF |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
ADD "JOHN DOE" AND MOTION TO TREAT DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AS CONCEDED**

**I.  Introduction.**

In this Freedom of Information Act ("FOIA") action, *pro se* Plaintiff seeks "information on using forensics of news broadcasting in Toledo, Ohio to identify an election process conspiracy, as well as linked activity (a.k.a. capital crimes within the area)." See July 20, 2007 Order (Dkt. No. 18) ("July 2007 Order").

On August 21, 2007, the Court instructed Plaintiff to respond to Defendant's Supplemental Submission to Defendant's Motion for Summary Judgment.  See Aug. 21, 2007 Order (Dkt. No. 21).  Rather than following the Court's directive, on August 22, 2007, Plaintiff filed a motion that seeks, *inter alia*, "to add john doe" to his FOIA complaint.

To date, Plaintiff has not responded to Defendant's supplemental filing and, therefore, the Court should treat Defendant's Motion for Summary Judgment as conceded.  The Court should also deny Plaintiff's request to "add john doe" as moot.

**II.  Argument**

In this Freedom of Information Act ("FOIA") case, *pro se* Plaintiff Luis T.J. Leal seeks "information on using forensics of news broadcasting in Toledo, Ohio[,] to identify an election process conspiracy, as well as linked activity (a.k.a. capital crimes within the area)."  See July 20, 2007 Order (Dkt. No. 18) ("July 2007 Order").

Defendant moved for summary judgment arguing that the agency conducted a reasonable search for responsive information but did not uncover any.  See Def. Mot. for Summary Judgment (Dkt. No. 8).  On July 20, 2007, the Court ordered Defendant to supplement its submission "to address the means by which the agency staff conducted the searches for records responsive to plaintiff's FOIA request."  See July 2007 Order.

Pursuant to the Court's the July 2007 Order, on August 15, 2007, Defendant submitted declarations from Ms. Alisa Turner and Reginald D. Hudson to explain Defendant's search effort.  See Dkt. No. 19.  The Turner Declaration describes in detail "the means" used to conduct searches for responsive documents.  See Turner Decl. at ¶ 7 (Gov. Exh. 1) (Dkt. No. 19).  Specifically, the Turner Declaration explains that the agency "search[ed] paper records, emails, and other electronic records and files by focusing on 'Toledo Ohio Election Conspiracy Theory' as the search criteria."  Id.  Furthermore, to ensure that Defendant complied with the Court's July 20th Order, Defendant conducted "a new search" for responsive documents.  Turner Decl. at ¶ 9.

The Hudson Declaration describes Defendant's "new search" effort to find documents responsive to Plaintiff's FOIA request.  Hudson Decl. at ¶ 7 (Gov. Exh. 2) (Dkt. No. 19).  The Hudson Declaration explains that Defendant used the following search terms to locate responsive documents: "Toledo Ohio," "Toledo Ohio Election," "Toledo Election Process" and "Toledo Election Conspiracy."  See Hudson Decl. at ¶ 11.  Using these search terms, Defendant searched

both its "paper document" files and "local area network computer files" but was unable to locate any responsive documents. See Hudson Decl. at ¶ 12.

On August 17, 2007, Plaintiff filed a "Motion to Name Defendant Co-conspirator in that Defendant Homeland Security Failed to Comply to Court Order/Order to Get All Conspirators Named and Prosecuted/To Treat Plaintiff['] Instant Pleading(s) as Tort Documents Required by Federal Tort Act." See Dkt. No. 20 ("Plaintiff's August 17th Motion"). On August 21, 2007, the Court *sua sponte* denied Plaintiff's August 17th Motion. See August 21, 2007 Order (Dkt. No. 21). In that same order, the Court also indicated that "[b]efore ruling on defendant's pending motion for summary judgment, however, plaintiff will have an opportunity to file a response to defendant's supplemental submission." Id. at 1. The Court instructed that "**on or before September 7, 2007, plaintiff shall file his opposition or response**, if any, to defendant's supplemental submission." Id. at 2 (emphasis added).

Rather than following the Court's August 21, 2007 Order, Plaintiff filed a "Motion to Add Defendant [John Doe]; Change Case Name to Luis J. Leal Sr vs John Doe [U.S. Government] et al.; Motion to Oppose Defendant's Motion for Summary Judgment." Dkt. No. 22 ("August 22, 2007 Motion"). Specifically, Plaintiff "pray[s] that he be allowed to add john doe (unidentified government entities), as the vehicle toward effectively addressing prosecution of the conspiracy identified through forensic technology." See Dkt. No. 22. Plaintiff also asks that summary judgment be deferred until the Court adds unnamed defendants. Id. Finally, Plaintiff also asserts that "the government give up the conspiracy evidence, cease the conspiracy against plaintiff, get put in jail for the ongoing conspiracy." Id.

Nowhere in Plaintiff's August 22, 2007 Motion did he challenge the Defendant's search

for responsive documents, including the methodology of the search and the search terms used to locate documents. Based on the facts described above, the Court should grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's FOIA complaint in its entirety. Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop., Parcel No.03179-005R, Civ. A. No. 01-0706, 2003 WL 224053382 at *12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002). Accordingly, the Court should deny Plaintiff's August 22, 2007 Motion as moot.

Alternatively, it appears that Plaintiff's current Motion seeks similar relief as his August 17th Motion (Dkt. No. 20), which the Court *sua sponte* denied. The Court should similarly deny Plaintiff's current Motion as meritless. See, e.g., Best v. Kelly, 39 F.3d 328, 331 (D.C. Cir. 1994) (noting that "[c]omplaints can also be dismissed, *sua sponte* if need be . . .whenever 'the plaintiff cannot possibly win relief.'").

To the extent that Plaintiff's August 22, 2007 Motion can be construed as a request to amend his FOIA complaint, the Court should deny it because he failed to follow Local Rule 15.1, which requires Plaintiff to attach "an original of the proposed pleading as amended." LCvR 15.1. Moreover, Plaintiff's Motion to add a "john doe" defendant lacks merit because the only proper defendant in a FOIA action is the agency. See Thomas v. FAA, 2007 WL 219988, *3 (D.D.C. Jan. 25, 2007) (noting that "t]he only proper defendant in a FOIA case is a federal

agency.").

Finally, to the extent that Plaintiff's current Motion is another FOIA request in that it asks "our government to give up the conspiracy evidence," the Court lacks subject matter jurisdiction over this *new* claim because Plaintiff has not exhausted administrative remedies. See Wilbur v. C.I.A., 355 F.3d 675, 676 (D.C. Cir. 2004) (noting that exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA).

### III. Conclusion.

For the foregoing reasons, the Court should grant Defendant's Motion for Summary Judgment as conceded and deny Plaintiff's August 22, 2007 Motion (Dkt. No. 22).

Dated: September 20, 2007.    Respectfully Submitted,

   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 20, 2007, I caused to be served the foregoing Defendant's Opposition to Plaintiff's  Motion To Add "John Doe" And Motion To Treat Defendant's Motion For Summary Judgment As Conceded via First Class mail, with postage prepaid, to *pro se* Plaintiff addressed as follows:

Luis Thomas Jacobs Leal, Sr.
3332 Stanhope
Toledo, OH 43606

_____//s//_____
John C. Truong