UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
LUIS T.J. LEAL, Sr.,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          Civil Action No. 06-0425 (PLF)
                                        )
DEPARTMENT OF HOMELAND SECURITY,        )
                                        )
            Defendant.                  )
_____)


MEMORANDUM OPINION

          This matter is before the Court on defendant's motion for summary judgment.

Having reviewed defendant's motion, plaintiff's opposition, defendant's supplemental

submission and the entire record of this case, the Court will grant summary judgment for

defendant.

I.  BACKGROUND

          It appears that plaintiff submitted to the National Security Agency ("NSA") a

request pursuant to the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, for

"information on using forensics of news broadcasting in Toledo, Ohio to identify an election

process conspiracy, as well as linked activity (a.k.a. capital crimes within the area)."  Defendant's

Memorandum in Support [of its Motion] for Summary Judgment ("Def.'s Mot."), Declaration of

Sandy Ford Page ("Page Decl."), Ex. A (May 10, 2005 letter from L.F. Giles, Director of Policy,

Central Security Service, NSA, regarding FOIA Case 46065) at 2.  NSA's response to plaintiff's

1

FOIA request suggested that information pertaining to domestic intelligence might be found in the records of federal law enforcement agencies such as the Federal Bureau of Investigation or the Department of Homeland Security ("DHS").  *Id.*, Ex. A at 3.  Following this lead, in May 2005, plaintiff submitted a copy of the NSA's May 10, 2005 letter to DHS with a cover letter of his own.  Page Decl. ¶ 5 & Ex. A.  DHS treated the correspondence as a FOIA request and acknowledged its receipt request in writing.  *Id.* ¶ 5 & Ex. B (May 23, 2005 letter from C.M. Papoi, Deputy Director, Departmental Disclosure & FOIA, DHS, regarding Request No. DHS/OS/PO 05-469).

DHS staff referred plaintiff's request to the agency's Information Analysis and Infrastructure Protection ("IAIP") Directorate.  Page Decl. ¶¶ 5-6 & Ex. C (May 23, 2005 Memorandum from C.M. Papoi to S.F. Page).[1]  IAIP staff determined that, "to the extent that records are maintained in the DHS regarding 'domestic intelligence,' the term used by NSA, such records would have been maintained by the Assistant Secretary for Information and Analysis in the IAIP Directorate."  *Id.* ¶ 6.  Ultimately, staff found no records responsive to plaintiff's FOIA request and notified him of this result in writing.  *Id.* ¶¶ 7-8 & Ex. D (Aug. 4, 2005 letter from S.F. Page).  DHS's response was affirmed on administrative appeal.  *Id.* ¶ 9 & Ex. F (Jan. 18, 2006 letter from M. Cooney, Acting Chief Privacy Officer and Chief Freedom of Information Act Officer, DHS).  It was explained that DHS' mission "is to lead a unified national effort to secure America by preventing and deterring terrorist attacks and to prevent and respond to threats and

---

[1]     Due to a Departmental reorganization, IAIP no longer exists and its functions have been reassigned to the Directorate of Preparedness.  Page Decl. ¶ 1.

hazards to the nation.  It is unlikely that [DHS] would be involved in matters involving a local

election."  *Id.*, Ex. F.

## II.  DISCUSSION

### *A.  Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with affidavits or declarations, show

that there is no genuine issue of material fact and that the moving party is entitled to judgment as

a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating an

absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Factual assertions in the moving party's affidavits may be accepted as true unless the opposing

party submits his own affidavits or declarations or documentary evidence to the contrary.  *Neal v.

Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information

provided in affidavits or declarations when the affidavits or declarations describe "the documents

and the justifications for nondisclosure with reasonably specific detail, demonstrate that the

information withheld logically falls within the claimed exemption, and are not controverted by

either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit

Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Hertzberg v. Veneman*, 273 F.

Supp. 2d 67, 74 (D.D.C. 2003).[2]  Such affidavits or declarations are accorded "a presumption of

---

[2]    In support of its motion, defendant submits the declarations of Sandy Ford Page,
Alisa N. Turner, and Reginald D. Hudson.

Ms. Page was the Freedom of Information Act Officer and Initial Denial Authority for the
(continued...)

good faith, which cannot be rebutted by 'purely speculative claims about the existence and

discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d

1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*,

692 F.2d 770, 771 (D.C. Cir. 1981)).

### B.  Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond

material doubt that its search was 'reasonably calculated to uncover all relevant documents.'"

*Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting

*Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *Campbell v. United States Dep't of*

*Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (FOIA requires agency to conduct search using

methods reasonably expected to produce requested information).  The agency bears the burden of

showing that its search was calculated to uncover all relevant documents.  *Steinberg v. United*

*States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).  To meet its burden, the agency may

submit affidavits or declarations that explain in reasonable detail the scope and method of the

agency's search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary

---

[2](...continued)
Disclosure Office in the Office of the Chief of Staff for the Under Secretary of Preparedness.
Page Decl. ¶ 1.  In this capacity, she managed DHS' FOIA program by overseeing the processing
of requests and deciding whether to release or withhold records.  *Id.* ¶ 2.  She since has left the
Chief of Staff's Office.  Defendant's Supplemental Submission Re: Its Search for Responsive
Documents ("Def.'s Supp."), Declaration of Alisa N. Turner ("Turner Decl.") ¶ 1.  Her
successor, Ms. Turner, assumed her responsibilities in May 2007 when she became the FOIA
Officer in the Office of the Chief of Staff for the Under Secretary for the National Protection and
Programs Directorate at DHS.  *Id.*

Mr. Hudson is the FOIA Officer and Initial Denial Authority for the Disclosure Office in
the Office of the Chief of Staff for the Office of Intelligence and Analysis at DHS.  Def.'s Supp.,
Declaration of Reginald D. Hudson ("Hudson Decl.") ¶ 1.

evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance

with the FOIA.  *Id.* at 127.  If the record "leaves substantial doubt as to the sufficiency of the

search, summary judgment for the agency is not proper."  *Truitt v. Dep't of State*, 897 F.2d at

542.

On review of plaintiff's FOIA request, DHS staff determined that his request

"does not reasonably describe records that would be maintained by [DHS]."  Page Decl. ¶ 6.  To

the extent that plaintiff sought records pertaining to "domestic intelligence," staff concluded that

"such records would have been maintained by the Assistant Secretary for Information and

Analysis of the IAIP Directorate."  *Id.*  Accordingly, plaintiff's request was referred to the IAIP

Chief of Staff's Office for "tasking to Information Analysis (IA) offices to accomplish a search

of records."  *Id.* ¶ 7.  The offices deemed most likely to maintain records responsive to plaintiff's

request were: Information Analysis – Current, Information Analysis – Departmental, Information

Analysis – Liaison, Information Analysis – Plans, and Information Analysis – Requirements.  *Id.*

Defendant describes the IAIP's records by referencing the mission statements of

the offices to which plaintiff's FOIA request was referred.  *See* Defendant's Supplemental

Submission Re: Its Search for Responsive Documents ("Def.'s Supp."), Declaration of Alisa N.

Turner ("Turner Decl.") ¶ 6.  The mission of Information Analysis – Current is "to provide

timely, relevant, actionable intelligence to support DHS leadership, our partners, and customers

to effectively deter enemy aggression against the Homeland."  Turner Decl. ¶ 6.  The mission of

Informational Analysis – Departmental is "to maintain awareness of threats to the Homeland in

order to produce action-oriented indications and warnings, procedural evaluation, and assessment

on terrorist capabilities and intent."  *Id.*  Informational Analysis – Liaison's mission is to "lead

and manage the development of an integrated DHS intelligence enterprise that fosters a cooperative environment with our mission partners and builds bridges to enhance relationships and capabilities within the Intelligence Community and domestic security realm." *Id.* Lastly, the mission of Informational Analysis – Requirements is "to manage and leverage collection, production, and dissemination processes to continuously drive the sharing of information and intelligence." *Id.*

Staff at these offices were instructed "to search paper records, emails, and other electronic records and files utilizing 'Toledo Ohio Election Conspiracy Theory' as the search criteria." Page Decl. ¶ 7. But they were not limited to using the phrase "Toledo Ohio Election Conspiracy Theory" as a search term; rather, "it was within each individual's discretion to determine what search terms to use to reasonably locate any responsive documents." Turner Decl. ¶ 7. IAIP's paper files were "decentralized, so all personnel were required to participate in the search for responsive records" by searching papers in their respective offices, their computer hard drives, and electronic mail messages. *Id.* In addition, one staff member "searched all three local area networks for documents responsive to [plaintiff's] request." *Id.* No responsive records were located. *Id.*

DHS staff conducted a second search in July 2007. Def.'s Supp., Declaration of Reginald D. Hudson ("Hudson Decl.") ¶ 7. By then, through a Departmental reorganization, certain of IAIP's functions had been reassigned to the Office of Intelligence and Analysis ("I&A"). *Id.* ¶ 1. Accordingly, plaintiff's request was referred to the following I&A offices deemed the places where responsive records most likely would be found: Collections

Requirements Management Division, Production Management Division, and Information

Sharing and Knowledge Management Division.  *Id.* ¶¶ 6-7.

Again, defendant describes the records searched by reference to the mission of

each division tasked with conducting a search for records responsive to plaintiff's FOIA request.

The Collections Strategies and Requirements Management Branch of the Collections Records

Management Division is "responsible for establishing and managing the DHS intelligence

requirements."  Hudson Decl. ¶ 8.  The Production Management Division "produce[s] and

disseminate[s] all finished intelligence information related to homeland security intelligence."

*Id.* ¶ 9.  The Information Sharing and Knowledge Management Division "establish[es],

maintain[s], and process[es] an operations and systems environment in [DHS'] intelligence

elements and the DHS Intelligence Enterprise, to ensure the identification, management and

seamless sharing of information and intelligence across [DHS], as well as between [DHS] and its

Federal, State, Local and Private Sector partners and customers."  *Id.* ¶ 10.

Staff used the following search terms: "Toledo Ohio," "Toledo Ohio Election,"

"Toledo Election Process," and "Toledo Election Conspiracy" when searching the divisions'

classified and unclassified documents and computer files on their local area networks.  Hudson

Decl. ¶¶ 11-12.   No responsive records were located.  *Id.* ¶ 12.

Plaintiff offers no meaningful opposition to defendant's showing that adequate

searches were conducted and no responsive records were found.  Furthermore, he states that he

"agrees mostly with defendants' [sic] statement of fact."  Plaintiff's Affidavit/Motion Against

Defendants' Motion for Summary Judgment and/or for Dismissal ("Pl.'s Opp'n") at 1.  He

articulates no challenge to the agency's searches for responsive records.[3]

Having reviewed defendant's declarations, the Court concludes that its searches

were "reasonably calculated to uncover all relevant documents."  *Valencia-Lucena v. United*

*States Coast Guard*, 180 F.3d at 325.  The supporting declarations are presumed to have been

made in good faith, and plaintiff offers no argument or evidence to the contrary.  The fact that

DHS did not locate responsive records is not dispositive.  An agency's search is not presumed

unreasonable because it fails to find the requested information.  *See Steinberg v. United States*

*Dep't of Justice*, 23 F.3d at 551 (the question is not "whether there might exist any other

documents possibly responsive to the request, but rather whether the search for those documents

was adequate"); *see also Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986).

---

[3]    Plaintiff had an opportunity to respond to defendant's supplemental submission.
His response did not address the adequacy of defendant's search.  Rather, he filed a
"Memorandum in Support" in which he asks to add as a party defendant "john doe(unidentified
government entities) [sic], as the vehicle toward effectively addressing prosecution of the
conspiracy identified through forensic technology."  Memorandum in Support (docketed [#22] as
a motion to add defendant John Doe) at 1.  The motion is meritless and will be denied.

III.   CONCLUSION

Defendant has conducted adequate and reasonable searches for records responsive to plaintiff's request for information and has demonstrated its compliance with FOIA. Accordingly, the Court will grant defendant's motion for summary judgment.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   November 8, 2007